McFarland, J.
delivered the opinion of the court.
M. Kraus & Co. sued out an attachment before *559 a justice of the peace returnable to the Law Court of Memphis, against the firm of Schiffinan & Rafalshy. The attachment was levied upon personal property of the firm. This was replevied by H. Rafalshy one of the firm, who .gave bond for this purpose, with S. Steiner surety.
A declaration was filed to which Rafalshy pleaded. On December 22, 1868, the cause was tried by a jury, who rendered a verdict for the plaintiffs for f>530.09. The court, gave judgment against both of the defendants to the cause, and awarded execution, but took no notice of the replevin bond.
An execution was afterward issued. After the lapse of a term of court, on June 5, 3 869, the plaintiff appeared and moved the court to amend the entry of judgment, by entering now, at this term of the court, an order nuno pro tune, making said judgment against S. Steiner jointly with the ' defendants as their security in the replevy bond, and the bond appearing in the record, the judgment was rendered accordingly. From this judgment Steiner and Rafalshy prosecute a writ of error.
It is clear that this is not a case for correcting error in a judgment, either under the Act of 1855-6, Code, sec. 2878, or upon common law principles. The corrections contemplated by the act are, such as errors in calculation, or others of a similar character, < where it is manifest that the court intended to enter the proper judgment, but by mistake entered it for the wrong sum. 1 Col., 389; Gallina v. Sudheimer, Wenckoff & Co., MS. last term.
*560 Nor is tliis a valid judgment nunc pro time, although these words are used in the entry of record. It is not assumed in the entry in question, that this judgment was in fact rendered at the former term and omitted to be entered. On the contrary, it appears that the court did in fact render and enter a different judgment, that is, awarding execution against the defendants, instead of judgment on the replevin bond.
We cannot say that this was not the judgment of the court, whatever may be our opinion as to what the judgment should have been. The court, at a subsequent term, had no jurisdiction to render a different judgment.
We see no error in the first judgment against Rafalshy. The errors assigned were cured by his appearance and plea. We have not considered whether or not the judgment is valid as to Schiffman, as he is not before the court.
The judgment of the 5th of June, 1869, will be reversed and vacated.